22-2012 Armstrong v. Albuquerque Public Schools Good morning. My name is Jacqueline Archuleta-Stalin. I'm legal counsel for the Albuquerque Public Schools, which is the largest public school district in the state of New Mexico. And I'm going to remove my mask, your honor, just to make sure that you can hear what I'm saying. I was going to say, I could understand you, but I wasn't sure that would continue, so thank you. I apologize. I meant to take it off before I stood up here. The Albuquerque Public Schools currently serves about 80,000 students. That does not include the number of students who are in their charter schools. Of that 80,000 students, approximately 14,000-plus students qualify for receipt of special education services. And while this case before you today really is about one child, what I'm here to talk to you about is the impact that the decisions that were rendered below have on a statewide basis. It's the district's contention, and I believe it's appropriate to raise it. I'll first address the fact that we did not weigh this. How is it possibly appropriate to raise a remedy issue when the only argument you made below was liability? Your honor, we actually did raise the issue of remedy in the case below. You said that in your reply brief, but you didn't cite a page, and I don't see anywhere where you raised it. Can you cite a page here? I'm sorry, I cannot. The word remedy, as the plaintiff's attorney pointed out, the word remedy doesn't even appear in that brief, and I checked that. Your honor, if you look to the decision rendered by the district court, the district court in passing says, and all the remedies associated with the decision to uphold the case below. That doesn't mean that you challenged the remedy, which is the only argument you're making on appeal. Yes, ma'am, and our position is that we challenged the entirety of the decision rendered by the hearing officer. You didn't argue it. Maybe you challenged it somehow, but you certainly didn't argue it, and that's what you have to do. I understand, your honor. Our position is that the remedy is part and parcel of the entire issues that we raised on appeal, and yes, we focused on the issue of liability as part of our original argument, but we also recognized, we believe, that we raised the issue with regards to remedy, knowing that it's a very distinct and minor issue. I apologize. Did you argue plain error on appeal? We did not. And before the district court, your argument was that there was error by the due process hearing officer in finding that the school district did not provide a fair and appropriate public education.  Okay, I'm with my colleagues. I don't see anywhere where you said, and if we're wrong and we didn't, it's also a problem in terms of the remedy that was selected. And, your honor, we may not have articulated that particular argument as succinctly as we may have, but it was a part and parcel challenge to the entirety of the decision rendered by the hearing officer below. Let me comfort you in one respect. Yes, sir. If we decide to rule against you because the issue isn't preserved, then the merits haven't been decided by this court, and you don't have to worry about setting a bad precedent for the future, but you're going to lose this case. Yes, your honor. If the court would like, if the court's decision is here today that we have not preserved that, then I will not continue to lose the court's time. But it is the district's position that we have preserved that. I'm just saying that's a possibility. We haven't even conferenced. I don't know what the answer is going to be. But I guess if you want to go forward with the merits, I mean, we have obviously some questions about whether we'll even get to the merits. But we've got some pretty clear case law that says, and one of the things in your brief, all through your brief, you're citing cases that are dealing with whether or not there has been the provision of a FAP to the student. And in those cases, very clearly, yes, you're right, give great discretion to the school district in picking how they do it. But once there's a termination that the school district did not provide a fair and appropriate public education, we have case law that says it's no longer the school district's position to pick the remedy. That it's, in fact, that it's a mistake once they failed to provide a FAP to then give them the reins of picking a remedy. How do you get around that case law? And, Your Honor, we're not challenging that a hearing officer does have the broad discretion to determine what a remedy is. Our challenge is really much more narrowly defined to what can they include in a remedy. And while they have wide discretion and can almost order almost anything, our argument is what they've ordered in this instance is beyond what should be ordered by a due process hearing officer as compensatory services, if you will, for a child who's been denied a fair and appropriate public education. But the problem with that, as I see it as Judge McHugh, is the cases that you're citing all deal with the liability phase and denial of a FAP. Once you get to denial of FAP, I didn't see that you cited any authority indicating that this particular hearing officer's decision wasn't within the discretion of the officer as to the remedy. Yes, Your Honor. And as I will say to you, that despite a thorough review, I was not able to find cases that dealt with it because it is such a very narrow and unique distinction. And it's a distinction that would have a great impact on the state of New Mexico as well as perhaps outside of the state of New Mexico. My argument really goes to the notion that one parent should not be allowed to say yea or nay to teachers or whoever the instructional person is. That should not be within the purview of the family to make those decisions. And in this instance- Well, one of the purposes of the IDEA was to cap the parents involved, wasn't it? That's correct. Parents are equal participants in the development of a student's individual program. That does not include the parents' power or authority to make decisions with regards to personnel. Well, and again, I guess I'm echoing Judge Moritz's question, but do you have any authority for that position, that the remedy can't include giving the parents say in the instructor that's chosen for the child? And again, we're dealing with a situation where a child has been denied FAPE, I think in this case for three years, and that there's catch-up work to be done. I mean, you've got a situation where the parents have an understandable interest in seeing that their child gets caught up as quickly as possible after being denied that right. And, Your Honor, the district is not appealing the decision with regards to liability. In fact, the district has begun to provide that child with reading instruction at least over last school year, the summertime, and the current school year. Recently, the student decided he no longer wanted to receive those services and has been moved into an art class, I believe. Him and his family agreed through an IEP process that he would no longer receive that reading instruction. The parents never agreed to the particular teacher who provided those services, but the district found what they believed to meet the qualifications of an individual to provide that reading instruction. And while I didn't find case law that says... Is this in the record? Pardon? Is this in the record? No, it is not. It's probably in the last 10 days, Your Honor, as I understand it. So we can't consider that. No, I just thought it might be important for the court to know that, for whatever reason. Is there any mootness issue because of this? No, Your Honor. The district, again, is not challenging the liability that it has for denial of a free, appropriate public education. What it's saying is, and Your Honor, to go to your question about whether or not there's any... Why there's no case law cited, it's because I did not find any. But what I do find is in the state of New Mexico, under its regulations and statutes, are what the requirements are to be a public school teacher. The public school teacher needs a particular type of licensure requirements that she needs to meet, including a number of college credit hours towards particular things, passing a specific type of testing. And so the state of New Mexico has created the criteria for teachers, whether they be special education teachers, whether they be regular education teachers of all subject areas. But, I mean, one of the problems in the past has been you may have had someone who is licensed as a public school teacher, but had no experience with dyslexia. And, obviously, with this student, that is something that's needed. Well, Your Honor, what I would say to you is what the schools have done over the course of time is provide teachers who meet the requirements. The law does not require that the school provide the child with the best possible education or the most qualified person to provide that instruction. And the argument we're making is that that's what the hearing officer basically did, is said you must provide this child with the best possible education by hiring individuals with these particular types of qualifications. I will say to you that, from my experience, most of the individuals who are certified academic language therapists in the state of New Mexico right now are not certified teachers. And so to bring in someone from the outside who is not a teacher to provide educational services to a special education student ignores the authority of the state of New Mexico to set out what the criteria is. You said this case isn't moved, but is there a dispute still with respect to the remedy? Yes, there is. Okay, but, well, didn't you just say the parties agreed on what should happen at this point? No, Your Honor, the parties have not agreed as to what should happen at this point. Okay. There is a dispute. Okay, as long as you say that. Yes, I'm sorry, Your Honor. And so the district would like the court to consider that when a hearing officer and a district court exercise their discretion with regards to the formation of a remedy, that they do so in mind with whatever other limitations there may be on that. I also argued in my brief about the selection of methodology, and that's the process by which educational services are provided to a student. In this instance, the hearing officer ordered very specific types of methodology to be used. She talked about the Wilson Reading Program. She talked about sounds and syllables. There are a large number of programs in the United States and probably throughout the world that provide various types of reading instruction. The reading instruction provided in this instance by the public school was one selected by the public school to provide services to all of its children. It is identified as a program that provides support to students who are also dyslexic, and it provides support to students who have difficulties that are not dyslexia-based but really require that the schools provide them additional reading support. What the district did in this instance, Your Honor, because of the pendency of this appeal and the pendency of the various parts, is provide reading instruction on a one-on-one basis to the student five days a week as per the hearing officer's order. The variance is that the family did not agree and said so in an IEP meeting with the person who provided services to them. I think you're making some excellent points. I wish the briefs had been different, but you can consider that if these issues come up in a future case. Thank you, Your Honor. And so what the district's asking is really simply a clarification of the hearing officer's decision and that there's not the authority to ignore statute when identifying people who should provide educational services to children. And also there's lots of case law that says that the decision as methodology is lifted to the sole purview of the school district, which also has its own regulatory process. And we believe in this instance the processes have been ignored, if you will, by the due process hearing officer and by the federal district court. Thank you, Your Honor. Thank you, Counsel. Ms. Stewart, do you have something you'd like to add? Your Honor, I would like to add. My name is Gail Stewart. Good morning. May it please the Court. I represent the parents here who have a son who has severe dyslexia, who still attends the Albuquerque Public School and is an eighth grader. The reasons that this court should affirm the district court are many. The court has already illuminated its understanding of the failure to preserve the issue that's presently raised by the Albuquerque Public Schools and how detrimental that is. And certainly this court could affirm on that reason alone. Albuquerque Public Schools absolutely did not present to the district court any argument about remedy being improper or the scope of remedy being too broad or even introduce in their briefing to the district court the concept of discretion and the abuse of discretion with regard to equitable remedy. The district court carefully analyzed every single argument the Albuquerque Public Schools made, rejected those arguments, and determined liability. In determining that liability and upholding the decision of the due process hearing officer, the court affirmed the remedy because the court had never been asked to even look at the remedy. The court's affirmance of the remedy was correct, and this court should affirm that on the merits as well as the failure to preserve. Under the IDEA, the court has broad equitable powers to create a remedy that confers equity. In this case and in every IDEA case, Your Honor, that is appealed through a civil action from a due process hearing decision, the district court receives the entire record. The district court reviews the entire record in making its decision. In this particular case, this court is being asked to set aside the district court's decision, which was based on the entire record without even having the entire record, and is being asked to second-guess equity when the decision of the due process hearing officer was closely tied to the evidence that was presented at the hearing. In that hearing, Your Honor, there were three Albuquerque Public Schools witnesses who testified who were all dyslexia-level therapists, contrary to what opposing counsel has just indicated. Albuquerque Public Schools employs those people. Those people testified during the hearing. There's many aspects within that record, which was over five days of evidentiary hearing, multiple witnesses, including many APS witnesses, and the introduction of hundreds of pages of exhibits. There is much evidence to support the full remedy that the due process hearing officer constructed and that the district court affirmed. It does seem that it would be problematic to essentially give the parents veto power over who will be instructing their child. And how does that work in the classroom setting? Well, let me answer your question by saying this is not in the classroom setting, because this is in the context of a remedy for denial of faith, which is admitted to this court. But even in that particular context, Your Honor, the due process hearing officer's order was not intended as a veto for the parents to exercise. It reads that way. It does read that way. So could it potentially be used that way by the parents? It could be. It could be used by some parents that way. But these parents have fought since this child was in grade school to get appropriate reading instruction. All these parents want is appropriate reading instruction. Which to me seems like they might be very happy to say, no, no, no, don't like this about this person, don't like this about this person. We want this person. And it seems that they now have the authority to do that. In the context of the due process hearing officer's order, that paragraph one, the acceptable to parents language I think refers back to the credentials. So what Albuquerque Public Schools has stood up here today and said, which again is not in the record, is that it has offered some sort of reading instruction subsequent to the due process hearing. But what the reading instruction prescribed in the order as the credentials of the person who must provide it in terms of their training experience and knowledge in working with intensive reading instruction for students with severe dyslexia, APS has never provided that. And it's important to recognize that the IDEA procedural rights include the fact that a party that wants to appeal the decision of a due process hearing officer to the district court can ask to introduce additional evidence. That is right within the same portion of 20 U.S.C. 1415 that says the entire record will be provided to the district court. A party can also ask to introduce additional evidence. APS introduced no additional evidence at the district court level to try and persuade the district court that the substitute reading instruction it wants to provide could be substituted within the equitable power of the court for what was ordered. That could have been an argument. School districts do it all the time, Your Honor. They appeal both the delivery of FAPE issue and then they say, but even if you find there was a denial of FAPE, we suggest that the remedy is improper and was an abuse of discretion. Albuquerque Public Schools completely waived that argument in seeming complete dependence on the idea that they would be found to have delivered free appropriate public education, which the court clearly disagreed with and rejected. So APS is now coming forward to this court with an argument never presented to the district court simply to ask for a redo or have a second chance. And they are asking for special treatment that should not be provided to a school district. Albuquerque Public Schools, as indicated, is a very large school district. These parents used the IDEA procedural process set out by Congress to try and enforce their son's rights to free appropriate public education and they prevailed. They prevailed at each stage. Why would it be appropriate for this court to set aside that record, again, five days of hearing, multiple witnesses, lots of documents, set aside that record and out of thin air say maybe the equitable remedy wasn't correct? That would not be appropriate. That was not the intent of Congress. And reversal of this decision robs this student of the remedy that was prescribed for him based on the evidence. It also negates the IDEA because if school districts can drag these proceedings out, evade the remedy that was ordered, who loses? Kids. Kids are still in school every day that these proceedings are in court. This child's right to free appropriate public education, his parents' quest to enforce that right started at the beginning of sixth grade. Next year, a year from now, he will be in high school. So when a school district can evade remedy by changing its argument in each forum to try and capture something else, the child is suffering without the remedy that was ordered. There is no reason for this court to do any reach to second-guess the district court decision. The district court was very careful. The district court reviewed the record, and the district court upheld every aspect of the due process hearing officer decision. Albuquerque Public Schools has not come forward with any reason for this court to disturb the district court decision. And I will stand down unless there's other questions. Thank you, Counsel. Thank you. Cases submitted.